UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE RAY THOMAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>COMMUNITY REGIONAL MEDICAL CENTER,<br><br>　　　　　Respondent. | Case No.  1:23-cv-00637-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1)<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

Petitioner Prentice Ray Thomas initiated this action while incinerated in Wasco State Prison by filing a pro se on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on April 27, 2023.  (Doc. No. 1, "Petition").  Because the Petition does not challenge the fact or duration of Petitioner's confinement, the undersigned recommends the Petition be dismissed for failure to state a cognizable habeas claim.

**I. BACKGROUND**

Petitioner is a state prisoner serving 3 years for his January 5, 2023 conviction in Fresno Superior Court for evading a police officer.  (Doc. No. 1 at 1).  The Petition raises one ground for

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1   relief: "constitutional violations of cruel and unusual punishment an[d] the due process clause of
2   the Fifth Amendment." (*Id*. at 3). Petitioner names the Community Regional Medical Center as
3   Respondent. (*Id*. at 1). To the extent discernable, Petitioner complains that on September 8,
4   2022, while he was on pretrial detainee status and at Community Regional Center, he was running
5   down a flight of stairs and "tackled" by a nurse causing him injury. (*Id*. at 3). The Petition does
6   not identify what relief, if any, Petitioner seeks. Petitioner states he has a separate petition
7   pending before the court challenging conditions of confinement, and he "will be requesting relief
8   on civil complaint." (*Id*. at 6). The Court takes judicial notice of its own files which reveal that
9   Petitioner has multiple civil rights action under 42 U.S.C. § 1983 currently pending in the Eastern
10  District of California. *See* 1:22-cv-01492-ADA-BAM (filed November 18, 2022); 1:23-cv-
11  00027-ADA-EPG (filed January 5, 2023); 1:23-cv-00452-SKO (filed March 24, 2023); 1:23-cv-
12  00489-JLT-CDB (filed March 31, 2023)[2]; 1:23-cv-0622-BAM (filed April 21, 2023).

## II. APPLICABLE LAW AND ANALYSIS

This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Under Rule 4, the Court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Under § 2254, a writ of habeas corpus is available to prisoners who seek to challenge the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). If a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the claim is not cognizable on federal habeas review. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016). Contrarily, "requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Although on the preapproved § 2254 form, the Petition does not challenge the fact or length of Petitioner's confinement. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting

---

[2] Petitioner initially filed a petition for writ of habeas corpus under 28 U.S.C.§ 2254 docketed on March 31, 2023 (Doc. No. 1), but later filed what is identified on the docket as a prisoner civil rights complaint on April 26, 2023 (Doc. No. 6).

purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).  Instead, Petitioner's claims stem from an alleged injury sustained by Petitioner while he was detained and being treated at Community Regional Medical Center.  (Doc. No. 1 at 3).  Because the success of either claim would not lead to Petitioner's immediate or earlier release from confinement, the undersigned finds the Petition fails to state a cognizable habeas claim.  Constitutional challenges to the conditions of Petitioner's confinement are properly pursued via a civil rights action brought under 42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at 499.

While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).  The undersigned does not find recharacterization proper in this case.  Petitioner does appear to name the individual who he alleges committed the offensive act as a defendant/respondent.  Instead, Petitioner names only the Community Regional Medical Center, as the named respondent.  (Doc. No. 1 at 1).  Nor does Petitioner identify the type of relief he seeks, i.e., monetary damages or injunctive relief, or both.  Finally, automatic conversion is improper due to the discrepancy in the filing fees.  The filing fee for a habeas petition is $5, and for civil rights cases, the filing fee is $350 plus an administrative fee of $50.[3]

Based on the foregoing, the undersigned recommends that the Petition be dismissed because it does not challenge the fact or duration of Petitioner's confinement.  Should Petitioner wish to pursue his claim, he should initiate a new action by filing a civil rights complaint identifying individuals who are alleged to have committed the improper acts.

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

---

[3] Under the Prisoner Litigation Reform Act, a prisoner is required to pay the full filing fee, even if he is granted *in forma pauperis* status, by way of deductions from the prisoner's trust account. *See* 28 U.S.C. § 1915(b)(1). It appears Petitioner is civilly confined and thus is not subject to the PLRA.

(2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

The Petition (Doc. No. 1) be DISMISSED for failure to state a cognizable habeas claim.

////

////

////

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

4

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: May 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE